IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRONSON KEISER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3092 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JON SANKO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendant Jon Sanko's Motion to Stay Discovery (Filing No. 23). The moving defendant seeks a stay until the court determines the merits of a motion this defendant plans to file in the future. The defendant states the future motion[1] will be based on qualified immunity. The defendant filed a brief (Filing No. 24) in support of the motion to stay. The plaintiff filed a brief (Filing No. 28) in opposition to the motion to stay. The defendant filed a brief (Filing No. 29) in reply.

The plaintiff opposes the stay because the moving defendant failed to comply with the local rules before filing the motion. **See** NECivR 7.0.1(i). Furthermore, the plaintiff opposes a bar on discovery because the parties did not anticipate a stay when they conferred during the discovery planning conference. Finally, the plaintiff argues the nature of this case, and any eventual summary judgment motion, dictates whether discovery will be appropriate. The plaintiff notes that generally, "qualified immunity operates to protect governmental officials from both the burdens of trial and discovery. However, if the plaintiff['s] allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity." *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (**citing** *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The defendant fails to address why he could not comply with the local rules or anticipate the motion to stay discovery during the discovery planning conference. However, the defendant argues that the plaintiff fails to show what discovery, if any, is

---

[1] Although the defendant previously filed a motion to dismiss (Filing No. 9), the motion for stay is unrelated to the earlier motion. In any event, the plaintiff subsequently amended the complaint as of right. **See** Filing No. 25.

necessary to aid in determining the qualified immunity issue.  The defendant has yet to file the motion for summary judgment.

Under these circumstances, the court finds the defendant, who has the burden, has failed to show good cause for a stay.  The court is unable to evaluate the necessity of a stay pending resolution of a motion that has yet to be filed.  Furthermore, the plaintiff will not be required to justify discovery for responding to a motion for summary judgment *before* the motion for summary judgment has been filed.  Upon consideration,

**IT IS ORDERED:**

The defendant Jon Sanko's Motion to Stay Discovery (Filing No. 23) is denied, without prejudice.

DATED this 16th day of September, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge